PeaesoN, J.
 

 The only point presented to ns, is upon the exception to the charge. ITis Honor held, merely advising a debtor to leave the county, although with an intent to delay, hinder or defraud his creditors, did not make the defendant liable under the Statute.' The words of the Statute are, “iff any person shall
 
 remove,
 
 or
 
 shall aid, ox assist
 
 in removing, any debtor out of the county in which ho shall have resided for six months, with an intent' by such removing, aiding, or assisting, to delay, hinder, or defraud his creditors, &c.” The question is, does
 
 advising
 
 a debtor to remove out of the county, come within the meaning of the Statute, if the advice is given-with an intent, that by such removal, his creditors are to be delayed, &c. 2 In other words, I know that A is much indebted, and say to him, “ you can do no good for yourself or any body else by staying here, were I in your place, I should leave the county and go some where else, although my creditors should be thereby delayed,
 
 &o.,
 
 and could not have their writs executed, so as to take judgments upon the ordinary process':” in plain language, “ were I in your place, I would run away, and let my creditors take care of themselves,” do I thereby
 
 aid
 
 or
 
 assist
 
 A in running out of the county ?
 

 Most persons are willing to give
 
 advice:
 
 some do it officiously; but if called on to give aid or assistance, the subject is looked at in a different point of view. Advice costs nothing : it is but
 
 words. Aid
 
 or
 
 assistance,
 
 is the doing of some act whereby the party is enabled, or it is made easier for him, to do the principal act, or effect some primary purpose. If a debtor’s object be to remove out of the county, and I let him have my horse, or carry him, or his family, or his property
 
 *352
 
 some distance on the way to the county line, in my wagon, so as to make his removal the'more easy, it is settled that this is giving aid and assistance.
 
 We
 
 suppose letting a debtor have money, whereby to enable him to hire a horse, or a wagon for these purposes, would amount to the same thing. But we have never before heard it suggested, that mere words of advice, no matter with what intent they are used, can amount to giving aid or assistance in removing out of the county, within the meaning of this Statute, by which a third person is made liable to the creditor, not only for the damage which he actually sustains, but for the whole debt, without reference to the amount of the damage.
 

 In the absence of any direct authority, the plaintiffs’ counsel referred to the doctrine of accessories in criminal cases; according to which, one who advises the commission of a crime, is liable as an accessory before the fact. The analogy does not support the position, in aid of which it was referred to; on the contrary, it tends to prove that mere advice is not embraced by the words
 
 ‘
 
 aid and assistfor the averment in regard to. accessories is,
 
 “did then and there
 
 advise, counsel, abet,
 
 aid
 
 and
 
 assist
 
 /” and as the Statute uses' only the last two words, the inference from analogy is, that the operation.of the Statute was not intended to be extended to all whom the rule of the common law made liable as accessories before the fact: for if so,
 
 the formula
 
 as well as the final words of averment would have been used.
 

 In regard to the question reserved, whether the plaintiffs could, under the circumstances, maintain the action within the meaning of the words, “shall be liable to pay all debts which the debtor may justly
 
 owe in the county
 
 from which he is so removed,” we are not at liberty to give an opinion, as a verdict in. favor of the defendants on the first point, there being no error in the charge, puts an end to the case.
 

 Per CORiam. Judgment affirmed.